UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DIMITRIOS H. SPATHIS,<br>Defendant. | Case No. 99-cv-00842-PJH<br><br>**ORDER OF CONTINUING GARNISHMENT**<br>Re: Dkt. Nos. 17, 20 |

Before the court is plaintiff the United States' response to the court's order to show cause regarding plaintiff's application for an order of continuing garnishment. Dkt. 20. For the following reasons, the court GRANTS the application and ORDERS continuing garnishment, with the following limitations.

## BACKGROUND

This matter regards the United States' efforts to collect on the student loan debt of pro se defendant Dimitrios H. Spathis. On February 25, 1999, the United States sued Spathis, alleging default on a student loan debt of $10,694.86. On September 28, 1999, the court approved a consent judgment entered against Spathis in the amount of $15,155.47. Dkt. 9. With interest, the United States asserts that the amount owing on the judgment as of September 9, 2016, is $36,649.33 Dkt. 17 ¶ 8.

On July 21, 2016, the court granted the United States' application for a writ of continuing garnishment in compliance with 28 U.S.C. § 3205. Dkt. 14. The writ was served on the garnishee, Spathis' employer The Container Store, and on Spathis himself on August 4, 2016. Dkt. 22. Spathis has not requested a hearing, objected, or otherwise

responded to the writ (or the garnishee's answer), and the time period for doing so has elapsed.  28 U.S.C. § 3205(c)(5).

On August 1, The Container Store (the "Garnishee") filed an answer objecting to the writ.  Dkt. 16.  The Container Store represents that Spathis works part time and his net biweekly wages are too low to be garnished under the Consumer Credit Protection Act.  See 29 C.F.R. § 870.10(a); U.S. Department of Labor, Wage and Hour Division, Fact Sheet #30: The Federal Wage Garnishment Law.  The Garnishee states, however, that garnishment has been applied to Spathis' record, and that wages will be "forwarded if earnings are enough to withhold."

On September 9, the United States filed an application for an order of continuing garnishment.  Dkt. 17.  On October 3, the court issued an order to show cause, raising two issues: (1) "why the application should not be denied given the garnishee's representation that Spathis' wages are too low to be garnished"; and (2) "how the writ of garnishment was served upon the defendant, and which address was used for service."  Dkt.  19.

The United States promptly responded to the order to show cause.  It filed a proof of service showing that Spathis was served with the writ on August 4 by mail.  Dkt. 22.  The court is satisfied that service was properly effected.

The United States concedes that Spathis "currently" does not earn enough for any wages to be withheld, but argues that he might do so in the future.  The United States understood the Garnishee's objection as merely "a way of explaining that it cannot provide withholdings for the current pay period, or any other bi-weekly pay period in which Spathis' non-exempt disposable wages do not exceed $435.00."  Dkt. 19 at 2.  This position is consistent with the terms of the writ and the applicable law, and the United States "accepts this position as compliant with the law."  Id.  Nonetheless, the United States argues that an order of garnishment should still be granted.

///

///

**CONCLUSION**

The court hereby GRANTS the order of continuing garnishment. Provided, however, that the Garnishee shall only withhold and remit wages that are garnishable under the law, in compliance with the terms of the writ itself. See Dkt. 11-1 at 5; 29 C.F.R. § 870.10(a); 15 U.S.C. §1673(a). In particular, should Spathis continue to earn less than $435 biweekly in disposable earnings in a given pay period, no monies shall be withheld for that pay period.

Accordingly, the court hereby ORDERS the Garnishee to withhold 25% of any of Spathis' earnings that are subject to withholding under the law and the terms of the writ, for all future pay periods. The Garnishee shall remit any withheld monies to the U.S. Department of Justice, and shall mail them to: Nationwide Central Intake Facility, P.O. Box 790363, St. Louis, MO 63179-0363. The payments will continue until the judgment is satisfied in full, or until the Garnishee no longer has in its possession or control any property belonging to the debtor, or until further order of this court.

**IT IS SO ORDERED.**

Dated: October 11, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge